ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

| | |
|---|---|
| STATE OF SOUTH CAROLINA | COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FOR THE FIFTEENTH JUDICIAL CIRCUIT |

Janet Packer,

Plaintiff,                                    CIVIL ACTION NO.: 21-CP-26-

vs.

Wal-Mart Stores Inc., Wal-Mart Real Estate          **SUMMONS**
Business Trust

Defendants.

**TO THE DEFENDANT NAMED ABOVE:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the Attorney for the aforesaid Plaintiff located at 5307 North Kings Highway, Myrtle Beach, SC 29577, within thirty (30) days after the service hereof; exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in Complaint and for judgment by default.

                                        Russell B. Long, P.A.

                                        s/Michael J. Schwartz
                                        Russell B. Long, Esquire
                                        Michael J. Schwartz, Esquire
                                        5307 N. Kings Highway
                                        Myrtle Beach, SC 29577
                                        (843) 449-1222

                                        Attorneys for the Plaintiff

This 23rd  Day of August, 2021
Myrtle Beach, South Carolina

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

| STATE OF SOUTH CAROLINA | COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FOR THE FIFTEENTH JUDICIAL CIRCUIT |

Janet Packer,

Plaintiff,

CIVIL ACTION NO.: 21-CP-26-

vs.

Wal-Mart Stores Inc., Wal-Mart Real Estate
Business Trust

**COMPLAINT**
(JURY TRIAL DEMANDED)

Defendants.

Plaintiff Janet Packer (hereinafter "Plaintiff"), complaining of Defendants Wal-Mart

Stores Inc. (hereinafter "Wal-Mart"), Wal-Mart Real Estate Business Trust, would through her

undersigned counsel, respectfully show unto the Court as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Washington, West Virginia and also resides part-time

   in the town of Surfside Beach, South Carolina.

2. Defendant Wal-Mart is, upon information and belief, a corporation organized and

   existing under the laws the State of Delaware and authorized to do business in this State.

3. Defendant Wal-Mart Real Estate Business Trust is, upon information and belief, a

   corporation organized and existing under the laws of the state of Delaware and authorized

   to do business in this state.

## JURISDICTION

4. This Court has subject matter jurisdiction over this controversy in accordance with

   Article V, § 11 of the South Carolina Constitution.

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

5. This Court has personal jurisdiction over Defendants, Wal-Mart and Wal-Mart Real Estate Business Trust, in accordance with Sections 36-2-802 and 36-2-803 of the *Code of Laws of South Carolina (1976)* and the common law of South Carolina.

6. On the morning of September 5, 2018, Plaintiff was entering the Wal-Mart Supercenter located at 545 Garden City Connector, Murrells Inlet, South Carolina.  Store Number 5705.

7. Plaintiff was entering the store when a display of water had an unseen object protruding from the bottom of the display.

8. Plaintiff did not see anything underneath the display, as she walked by, the unknown caused her to trip and fall landing on both knees.

9. Due to the impact, she reported the incident and was not offered any type of assistance for her injuries.  She walked to her vehicle to seek medical treatment.

10. Defendants Wal-Mart and Wal-Mart Real Estate Business Trust knew, or should have known that the display was not properly placed leaving an object under the cases of water and knowing it could possibly injure someone.

11. Plaintiff went to the nearest hospital where she was treated.

12. As a direct and proximate result of the accident, Plaintiff has suffered significant injuries including, but not limited to, two bi-lateral fractured patellas; she has received additional medical treatment and physical therapy for the injury, and she still suffers significantly from this injury.

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

**CAUSE OF ACTION**
**(Premises Liability as to Defendants Wal-Mart and Wal-Mart Real Estate Business Trust)**

13. The paragraphs above are reiterated and realleged as though set forth verbatim.

14. Upon information and belief Defendant Wal-Mart Real Estate Business Trust owned the above-described Property.

15. Upon information and belief Defendant Wal-Mart operates the Wal-Mart Supercenter located at 545 Garden City Connector, Murrells Inlet, South Carolina, and is a tenant of Defendant Wal-Mart Real Estate Business Trust.

16. Plaintiff would show that she came on the premises with the express or implied permission of the Defendants Wal-Mart and Wal-Mart Real Estate Business Trust, and for the purpose of benefitting both Defendants.

17. Plaintiff was an invitee on the premises owned by Defendant Wal-Mart Real Estate Business Trust, and operated by Defendant Wal-Mart, and therefore, Defendants owed to the Plaintiff the duty of exercising reasonable and ordinary care for her safety, to discover risks and to take safety precautions to warn of or eliminate unreasonable risks within the area of invitation on the premises.

18. This duty, imposed on Defendants Wal-Mart and Wal-Mart Real Estate Business Trust, included but is not limited to warning the Plaintiff of hidden, latent, known, or obvious dangers of which the Defendant has knowledge or should have knowledge.

19. Plaintiff would show that the Defendants Wal-Mart and Wal-Mart Real Estate Business Trust negligently, recklessly, willfully, wantonly, intentionally and grossly negligently breached its duty to the Plaintiff in the following particulars to wit:

   a. In failing to adequately secure and maintain the display in the foyer of the entrance for access to the Wal-Mart Supercenter's entrance and exit;

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

b.  In failing to warn of or eliminate unreasonable risks within the area of invitation, and the display that caused damages;

c.  In creating an unreasonably dangerous condition on the premises;

d.  In failing to properly construct a display that was not in the way of pedestrians.

e.  In failing to provide sufficient space for the display and properly assembling the display;

20. Defendants Wal-Mart and Wal-Mart Real Estate Business Trust knew or should have known of the problem with the display due to the fact that they created the condition.

21. As a direct and proximate result of Defendants' negligence, gross negligence, willful and wanton acts and omissions, Plaintiff suffered actual and consequential damages, which include but are not limited to pain and suffering, medical bills, and lost wages.  Plaintiff is also entitled to punitive damages for Defendants' acts and omissions.

## <u>FOR A THIRD CAUSE OF ACTION</u>
**(Negligence/Gross Negligence as to Defendants Wal-Mart and Wal-Mart Real Estate Trust)**

22. The paragraphs above are reiterated and realleged as though set forth verbatim.

23. Defendants Wal-Mart and Wal-Mart Real Estate Business Trust owed an affirmative duty of care to Plaintiff because of the above-mentioned relationship.

24. Defendants Wal-Mart and Wal-Mart Real Estate Business Trust breached their duty of care to Plaintiff by, among other things, failing to install a sufficiently safe crosswalk for pedestrian traffic to enter and exit the Wal-Mart Supercenter.

25. Defendants Wal-Mart and Wal-Mart Real Estate Business Trust knew or should have known of the problem as they created the condition.

26. As a direct and proximate result of Defendants' negligence, gross negligence, willful and wanton acts and omissions, Plaintiff suffered actual and consequential damages, which

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686

include but are not limited to, pain and suffering, medical bills, and lost wages.  Plaintiff is also entitled to punitive damages for the acts and omissions.

WHEREFORE, the Plaintiff prays that:

A.  Judgment be entered against the Defendants Wal-Mart and Wal-Mart Real Estate Business Trust on the Plaintiff's Cause of Action, and both pecuniary and non-pecuniary damages, proximately and naturally flowing from Defendant's breach, be awarded;

B.   Judgment be entered against the Defendants Wal-Mart and Wal-Mart Real Estate Business Trust on the Plaintiff's Third Cause of Action, and both pecuniary and non-pecuniary damages, proximately and naturally flowing from Defendant's breach, be awarded;

C.   Plaintiff be awarded punitive damages;

D.   Plaintiff be awarded prejudgement interest on the amount;

E.   Plaintiff be granted such further and other relief as may be just and proper, together with costs of bringing this action.

Russell B. Long, P.A.

s/Michael J. Schwartz
Michael J. Schwartz, Esquire
Bar No.: 78763
Russell B. Long, Esquire
Bar No.: 65402
5307 N. Kings Highway
Myrtle Beach, SC 29577
(843) 449-1222

Attorney for the Plaintiff

This 23rd Day of August, 2021
Myrtle Beach, South Carolina

Summons & Complaint
*Janet Packer v. Wal-Mart Stores Inc., Wal-Mart
Real Estate Business Trust*

6

ELECTRONICALLY FILED - 2021 Aug 23 5:04 PM - HORRY - COMMON PLEAS - CASE#2021CP2605686